IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**COREY LEON RANKINS, #141674**                                                              **PLAINTIFF**

v.                                                                          CAUSE NO. 1:16-cv-419-LG-RHW

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS and ALICIA BOX**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Corey Leon Rankins, an inmate of the Mississippi Department of Corrections, brings this pro se Complaint seeking injunctive relief. Rankins is proceeding in forma pauperis. *See* Order [12]. The named Defendants are the Mississippi Department of Corrections ("MDOC") and Alicia Box, Chief Records Officer at the South Mississippi Correctional Institution. The Court, having liberally construed Rankins's Complaint in consideration with the applicable law, finds that this case should be dismissed.

I.  Facts and Procedural History

In 2008, Rankins was convicted of kidnapping in the Circuit Court of Pearl River County, Mississippi. Rankins is currently serving a term of imprisonment based on the 2011 revocation of his post-release supervision. Rankins complains that MDOC is improperly calculating his term of imprisonment. Specifically, Rankins claims that he should only serve 85% of his sentence, that he should be placed in "trusty status" and MDOC should award him specific sentence credits. Rankins brings this Complaint under 42 U.S.C. § 1983, seeking an order directing MDOC to calculate his term of imprisonment to include the sentence reductions he believes apply and to place him in trusty status. (Compl. 4, ECF No. 1).

After initial review of Complaint, an Order [9] was entered advising Rankins that release from incarceration is not available in a suit filed pursuant to 42 U.S.C. § 1983. The Order also advised Rankins that habeas corpus provides the exclusive federal remedy available to a state prisoner seeking a speedier or immediate release from incarceration. Additionally, the Order provided Rankins with an opportunity to file a notice of voluntary dismissal or file a written response stating that he wishes to proceed with this § 1983 Complaint. The Order also directed the Clerk of Court to send Rankins a packet of habeas corpus forms for state inmates seeking release from incarceration.

Rankins filed a Response [10] to the Court's Order [9] stating that he wishes to continue with this case under 42 U.S.C. § 1983. (Resp. 1, ECF No. 10). Rankins also filed a habeas corpus petition, challenging MDOC's calculation of his term of imprisonment based on the claims he asserts in this § 1983 case. *See Rankins v. MDOC*, no. 1:17-cv-74-HSO-LRA (S.D. Miss. filed Mar. 15, 2017).

II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding in forma pauperis, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Rankins is proceeding in forma pauperis, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

Rankins's request for MDOC to calculate his sentence to include certain sentence credits would result in Rankins receiving an earlier release from incarceration. This request must be pursued through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As stated above, Rankins is currently litigating a habeas corpus case in this Court. Therefore, Rankins's claims for a specific sentence calculation will be dismissed without prejudice to Rankins's pursuit of these claims in his pending habeas corpus case.

Rankins is also asking this Court to direct MDOC to place him in trusty status. Trusty status is defined by the classification board of MDOC. *Golden v. Epps*, 958 So.2d 271, 273 n.2 (Miss. 2007) (citing Miss. Code Ann. § 47-5-138.1 (Rev. 2004)). The state statute governing trusty status provides that an inmate *may* receive a reduction in his sentence for participation in approved programs while in trusty status. *Id.* (emphasis added). However, the statute also provides that an inmate in trusty status will not be allowed a reduction in his sentence if he is convicted as a habitual offender. *Id.* Therefore, placement in trusty status would not automatically result in an inmate receiving a reduction in his term of imprisonment. Since Rankins placement in trusty status would not necessarily result in an earlier release from custody, he is not required to pursue this request through habeas corpus.

However, trusty status is defined by the classification board of MDOC and the classification of prisoners is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citations omitted). An inmate simply does not have a "constitutionally protected interest in either a custodial classification or the possibility of earning good-

3

time credits." *Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59 F. 3d 520, 533 (5th Cir. 1995)).  MDOC's failure to assign Rankins to trusty status does not violate his constitutional rights. Therefore, Rankins has failed to state a claim for § 1983 relief.

III.  Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action will be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Rankins's habeas corpus claims are **DISMISSED WITHOUT PREJUDICE** to Rankins's pursuit of these claims in his pending habeas corpus case, *Rankins v. MDOC*, 1:17-cv-74-HSO-LRA (S.D. Miss.).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Rankins's § 1983 claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii)

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915 (g).

**SO ORDERED AND ADJUDGED** this the 6th day of April, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE